IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                       OPINION AND ORDER

               Plaintiff,

                                                                       08-cr-98-bbc

       v.

CHRISTOPHER VILLALPANDO,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Christopher Villalpando has filed objections to the report and recommendation issued by the United States Magistrate Judge on October 23, 2008, in which the magistrate judge recommended denial of defendant's motion to suppress evidence. I conclude that the magistrate judge reached the right conclusion on the motion and I will adopt his recommendation.

      This case began on August 29, 2007, when defendant was the subject of a pretextual stop by members of the local drug task force.  The task force had been investigating defendant for selling powder cocaine to an informant and had been given information that he was carrying marijuana.  The stop disclosed that their information was correct:  defendant had a small amount of marijuana in the car.  Because he was on probation, the discovery did

1

not bode well for his staying out of jail and continuing his college classes.

Once the stop occurred, Detective Denise Markham proceeded to undertake a recorded interview of defendant in her car. During the course of the interview, defendant made admissions that he now wants suppressed on the ground that they were made in reliance on false promises by the detective.

In the right circumstances, a false promise from law enforcement officers might be found to overcome a person's ability to make a rational decision about the courses open to him. United States v. Montgomery, 14 F.3d 1189, 1194 (7th Cir. 1994) ("A confession is considered voluntary if the state demonstrates that it 'was not secured through psychological or physical intimidation but rather was the product of a rational intellect and free will.'") (quoting United States v. Haddon, 927 F.2d 942, 945 (7th Cir.1991)). "[A]n empty prosecutorial promise could prevent a suspect from making a rational choice 'by distorting the alternatives among which the person under interrogation is being asked to choose.'" Weidner v. Thieret, 866 F.2d 958, 963 (7th Cir.1989); see also United States v. Baldwin, 60 F.3d 363, 365 (7th Cir.1995) (generally, false promise of leniency to induce confession is forbidden tactic). When the issue is raised, it becomes the government's task to prove the voluntariness of the confession.

As the magistrate judge found in this case, the recorded conversation between defendant and Markham showed conclusively that defendant's statements were not

2

involuntary.  Any characterization to the contrary is merely wishful thinking on defendant's part.  No objective person could read the transcript and conclude that Markham made any promises to defendant, other than saying that if he decided to cooperate and give them the information they were seeking about his source and others in the drug trade, she would do two things for him:  she would try to persuade his probation officer not to revoke his probation and she would not arrest him that night.  Defendant does not say that he chose to cooperate, so as to make the promises binding.  Even if they were, no objective person could read the transcript and conclude that defendant's statements were involuntary.  Defendant did admit that he had drugs, gun and paraphernalia in his apartment but he did not do so in reliance on any promises.  Rather, he was using this information as a bargaining chip to try to persuade the officer either to ignore the traffic stop and discovery of the marijuana in the car or at least to get his probation agent to overlook these violations of his probation.

 Throughout the discussion with the officer, defendant made it clear that he knew why the police had pulled him over and what she wanted, which was to tell her who his source was.  Immediately after Markham read him his <u>Miranda</u> rights and told him that his cooperation might persuade the district attorney not to charge him, defendant asked, "Who do you want, if you don't mind me asking?" Transcript at 5.  The officer made it just as clear that it was not information about his own drugs she wanted but defendant's

3

cooperation in turning over his source and others in the drug trade.

Defendant would like the court to view his discussion with the officer as something other than the negotiating session it was, but he cannot make it something it was not. Perhaps a much less intelligent, less well educated person would have been misled by the officer's statements but it is evident that defendant was not. Given his own statements in the transcript, defendant has no basis for suppression of his admissions or of the evidence seized from his apartment.

Defendant objects to three minor matters in the report and recommendation. He challenges the magistrate judge's assumption that because defendant was arrested with a small bag of marijuana in his car, his probation was likely to be revoked. He objects as well to the magistrate judge's failure to acknowledge that defendant supplied the officer all of the facts making up the probable cause for the issuance of a warrant to search his apartment and to the magistrate judge's presumption that the officer never broke any of the promises she actually made.

It is irrelevant whether the magistrate judge was right or wrong in assuming that the discovery of the marijuana would have led to revocation (although it defies credulity to think that a probation officer would not be concerned about a probationer who was driving around with controlled substances.) Defendant's responses to Markham made it clear that *he* thought his probation could be revoked because of the marijuana. It was this belief that led

4

him to work as hard as he did to persuade the officer to put in a good word with his agent.

As for the foundation for the search warrant, defendant is correct that the police used his admissions as a basis for their search warrant application.  As I noted before, however, those statements came willingly from defendant and not in response to any promises.

Finally, it is irrelevant whether Detective Markham kept her promise to talk to the probation officer and keep defendant out of jail on the night he was stopped.  Her promise, if it was one was not the reason defendant made the admissions about the contents of his apartment.  He made them for one reason only:  to try to persuade Markham not to take him into custody that night.

ORDER

IT IS ORDERED that the recommendation of the United States Magistrate Judge is ADOPTED and defendant Christopher Villalpando's motion to suppress evidence is DENIED.

Entered this 21st day of November, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5